UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                                    CIVIL ACTION

VERSUS                                                 NO. 10-4387

WARDEN LONGINO                                         SECTION "N" (6)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this petition, Andrew David Wetzel seeks relief in connection with several charges which have been lodged against him in the Twenty-Second Judicial District Court for the Parish of St. Tammany. Wetzel informs that he has not yet been convicted in connection

with these charges. Under the provisions of 28 U.S.C. § 2254, "a person in custody **pursuant to the judgment of a State court**" may file an application for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States [emphasis added]." As Wetzel has not been convicted of the charges which he is challenging, his custody does not arise from a judgment of conviction. As such, Wetzel's petition, filed on a form reserved for filing a "petition under 28 U.S.C. § 2254", is improper.

Pre-trial petitions such as Wetzel's are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).[1] Accordingly, the Court shall construe Wetzel's petition as seeking relief pursuant to 28 U.S.C. § 2241. *Id.* (citing *Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1975) (construing an improper § 2254 petition pursuant to § 2241)).

Though not statutorily mandated, the requirement that a § 2241 petitioner exhaust

---

[1] 28 U.S.C. § 2241 provides, in pertinent part:

  (c) The writ of habeas corpus shall not extend to a prisoner unless-

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States;....

his state court remedies before proceeding to federal court has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225 (citations omitted); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1127-29, 35 L.Ed.2d 443 (1973). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

Pursuant to this Court's independent research, it was ascertained that the Louisiana Supreme Court has rendered no adjudication with regard to Wetzel. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Andrew David Wetzel for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

It is further **RECOMMENDED** that Wetzel's Motion for Stay (rec. doc. 4) be **DENIED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[2]

New Orleans, Louisiana, this __3rd__ day of _____December_____, 2010.

                                                                      _____
                                                                       LOUIS MOORE, JR.
                                                                       United States Magistrate Judge

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.